[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15430
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00040-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES O. OMOTOSHO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 26, 2010)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

James Omotosho appeals his sentences following his multiple convictions

for (1) conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349; (2) bank fraud, in violation of 18 U.S.C. §§ 1344 and 2; (3) credit card fraud, in violation of 18 U.S.C. §§ 1029 and 2; and (4) aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. After calculating Omotosho's guideline range of 57-71 months' imprisonment, the district court sentenced Omotosho to 96 months' imprisonment on the conspiracy, bank fraud, and credit card fraud convictions. The court also imposed a consecutive 24-month imprisonment term for the aggravated identity theft convictions, per 18 U.S.C. § 1028A(a)(1) and (b).

On appeal, Omotosho argues that his above-guideline sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of sentencing set forth in § 3553(a). Omotosho notes that he has one criminal history point, his crime was a white collar crime with no physical contact or violence, he does not use drugs, and he is a 38-year-old deportable alien, which makes him unlikely to recidivate and makes his sentence not proportional to his likelihood of recidivism and the nature of his crime.

We review a sentence for unreasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41,128 S.Ct. 586, 591, 169 L.Ed.2d. 445 (2007). A sentence is substantively unreasonable "if it does not

achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). We afford "due deference to the district court's decision that the §3553(a) factors, on a whole, justify the extent of [any] variance." *Id.* (quotation omitted). There is a range of reasonable sentences from which the district court may choose, and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted

3

sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7). Moreover, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted).

According to the PSI, as to the credit card fraud, Omotosho used the identification information from real persons to obtain: 2 Chase Visa credit cards, 11 Capital One credit cards, 14 American Express credit cards, 1 USAA credit card, and 9 Citibank credit cards. The total intended loss for guideline calculations was $23,392.12 (Chase Visa) + 87,209.63 (Capital One) + 37,616.30 (American Express) + $20,869.46 (USAA) + $72,300 (Citibank) = $241,387.51.

As to the bank fraud, Omotosho obtained counterfeit, convenience, and stolen checks from various banks, which he then deposited into accounts that he controlled. He then would make or attempt to make withdraws and/or payments to other accounts. On June 26, 2007, Omotosho opened a Bank of America account in Neri Gelvoligaya's name and attempted to deposit a check for $42,560, which did not clear, and another check for $18,200, which did not clear, for a total attempted loss of $60,760. Omotosho opened a Bank of American account in American-Dayo Construction's name, which was active from April 2006 to July

4

2006, during which time Omotosho deposited a check for $79,350 and withdrew $76,100 from the account. On January 23, 2006, Omotosho opened a J.P. Morgan account in the name of Dayo Construction, and he, or a "co-wrongdoer," deposited $260,300 into the account. On June 26, 2006, Omotosho opened a Bank of America account in Leslie Mann's name, and subsequently, he deposited $31,000 into the account and withdrew $7,037.07 from the account before the bank detected the fraud.

On June 19, 2007, Omotosho opened a Bank of America account in the name of Kaduna Construction, and subsequently, he deposited checks for $41,200, $38,800, and $8,000 into the account and withdrew $5,716.92 from this account. On August 9, 2007, Omotosho opened a SunTrust Bank account in the name of Kaduna Construction. Omotosho deposited a check for $82,500, as well as two convenience checks totaling $19,750, into this account and withdrew $82,519.64 from the account. Omotosho also opened a SunTrust Bank account in the name of DuFem Auto (his used car company). Omotosho obtained a Capital One Auto Finance Account in Brandon Stewart's name (a real person), and obtained a new car check from Capital One for $49,560.32, which he attempted to deposit into the DuFem Auto account.

Omotosho has not established that his sentence is substantively

5

unreasonable. In imposing this above-guideline sentence, the district court focused on the scope and seriousness of the offense, including the amount of money involved (over $900,000), the number of victims affected (over 30), and the repetitive nature of the fraud. The district court further believed that Omotosho's sentence would provide adequate punishment and deterrence to Omotosho, as well as general deterrence for others who might contemplate similar criminal conduct.

**AFFIRMED.**